97  479|
100  133

SETH STERLING, In Equity,

*vs.*

ELLA A. LITTLEFIELD, and another.

CUMBERLAND.     Opinion April 27, 1903.

*Equity.   Nuisance.   Action at Law.   Way.*

It has always been the general rule in this State, that while, in a proper case, equity will interfere to prevent a threatened and prospective nuisance, it will not take jurisdiction to compel the removal of an alleged nuisance, which is already existing, and restrain its continuance, until the alleged infringement of the complainant's rights, and the existence of the nuisance resulting therefrom, have first been established in an action at law.

To this rule there are various exceptions which have been recognized by the court.   The aid of the equity court and its intervention by injunction may be invoked in the case of an existing nuisance, notwithstanding that the right has not first been determined, when the necessity is imperious, or where immediate and irreparable injury is threatened unless relief be given in equity, or where, on account of the necessity of a multiplicity of suits at law, or even for some other sufficient reason, the remedy at law would be inadequate.

In this case, in which relief in equity is sought to remove an alleged nuisance which is already existing, and to prevent its continuance, there is no allegation in the bill that the complainant's rights have been determined in an action at law.   There is no allegation from which it can be inferred that there is any imperious necessity for invoking the aid of equity to remove by injunction the already existing nuisance, if nuisance it is.   The allegations do not bring the case within any of the exceptions to the general rule above stated.   The right of the plaintiff is not clear.   It is evident from an inspection of the bill that his right must largely depend upon oral testimony.

*Held;* that the ruling of the court below in sustaining the defendants' demurrer to the bill was correct.

*Davis* v. *Auld*, 96 Maine, 559, distinguished.

Appeal in equity.     Appeal dismissed.

Bill in equity brought by the plaintiff, Seth Sterling, in which he alleged that he is the owner of certain premises on Peaks Island,

to which premises is appurtenant a right of way over land now owned by the defendant Littlefield, across which way the defendant Rounds, as tenant of Littlefield, has erected a building which wholly obstructs this way and completely cuts off the plaintiff from access to the sea shore on Peaks Island. The bill alleged further that the plaintiff, and those through whom he acquired title, have used the way continuously for all purposes connected with the sea shore since the year 1828, when the way was granted. The plaintiff therefore prayed that the defendant Rounds be ordered to remove all obstructions to the use of this way erected by him, or his agents or employees, and that both defendants be enjoined from interfering with the use of this way by the plaintiff. The defendants demurred, alleging as causes that the plaintiff has a plain, adequate and complete remedy at law, and also that it does not appear from the plaintiff's bill that his title or right relative to this way has ever been previously determined in an action at law, or that there is any impediment to such an action being brought, or that there ever was or now is any authentic record of such title.

The presiding justice, in the first instance, sustained the demurrer and dismissed the bill. The plaintiff appealed to this court.

*Wm. H. Gulliver; B. D. and H. M. Verrill and C. D. Booth,* for plaintiff.

A court of equity has jurisdiction in cases of nuisance, R. S., c. 77, § 6, cl. V, and the obstructing of a private way by a building, or otherwise, is declared by statute to be a nuisance. R. S., c. 17, § 5. *Davis* v. *Auld,* 96 Maine, 559. Since there is no logical ground for distinguishing between different kinds of nuisances, this decision in *Davis* v. *Auld* can be construed to mean nothing else than that the court will take original jurisdiction of all cases involving the abatement of a nuisance. *Miller* v. *Washburn,* 117 Mass. 371; *Nash* v. *New England Life Ins. Co.,* 127 Mass 91; *Gerrish* v. *Shattuck,* 132 Mass. 235; *Middlesex Co.* v. *Lowell,* 149 Mass. 509; *Payson* v. *Burnham,* 141 Mass. 547.

It is a well established rule that a court of equity will grant relief by injunction where the plaintiff's right has been long enjoyed without interruption and has only recently been injured. *Porter* v.

*Whitman,* 17. Maine, 292; *Moor* v. *Veazie,* 31 Maine, 360; *Morse* v. *Machias Water Power & Mill Co.,* 42 Maine, 119; *Jordan* v. *Woodward,* 38 Maine, 425; *Varney* v. *Pope,* 60 Maine, 192; *Rockland* v. *Water Co.,* 86 Maine, 55, 58.

The plaintiff has not an adequate and complete remedy at law, for the injury complained of constitutes a permanent obstruction of the plaintiff's rights, for which an action for damages is not an adequate remedy. *Proprietors of Maine Wharf* v. *Proprietors of Custom House Wharf,* 85 Maine, 175; *Cadigan* v. *Brown,* 120 Mass. 493; *Lockwood Co.* v. *Lawrence,* 77 Maine, 297; *Smith* v. *Smith,* 148 Mass. 1, 5; *Carpenter* v. *Capital Electric Co.,* 178 Ill. 29.

The injury complained of is irreparable. *Moor* v. *Veazie,* supra. An action at law would lead to a multiplicity of suits, to avoid which equity will take jurisdiction. *Haskell* v. *Thurston,* 80 Maine, 129, 133; *Boston & Maine R. R.* v. *Sullivan,* 177 Mass. 230; *Rockland* v. *Rockland Water Co.,* 86 Maine, 55.

No causes of demurrer other than the two stated in defendants' demurrer are properly before the court. Story's Eq. Pleadings, § 464; 5 Am & Eng. Enc. Law, 553.

There is no cause for demurrer on the ground that the bill does not sufficiently or with certainty allege the plaintiff's right. *Atkins* v. *Bordman,* 2 Met. 457, 463; *Bangs* v. *Parker,* 71 Maine, 458.

If, however, the use under the grant is held not to have been comprehended in the grant, then it must have been an adverse user, which, continued for the length of time alleged in the bill, gives the plaintiff a right.

*Clarence W. Peabody and Frederick V. Chase,* for defendants.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, SPEAR, JJ.

WISWELL, C. J.  This court, from the time of its earliest decision upon the subject until the present time, has always adhered to the general rule, that, while, in a proper case, equity will interfere to prevent a threatened and prospective nuisance, it will not take jurisdiction to compel the removal of an alleged nuisance which is already

existing, and restrain its continuance, by injunction, until the alleged infringement of the complainant's rights and the existence of the nuisance resulting therefrom, have first been established in an action at law. To this rule there are undoubtedly various exceptions which have been recognized by the court. The aid of the equity court and its intervention by injunction may be invoked in the case of an existing nuisance, notwithstanding that the right has not been first determined, when the necessity is imperious, or where immediate and irreparable injury is threatened unless relief be given in equity, or where, on account of the necessity of a multiplicity of suits at law, or even for some other sufficient reason, the remedy at law would be inadequate. It is only necessary to refer to some of the decisions of this court in which this rule has been stated. *Porter* v. *Witham*, 17 Maine, 292; *Varney* v. *Pope*, 60 Maine, 192; *Rockland* v. *Rockland Water Company*, 86 Maine, 55; *Tracy* v. *LeBlanc*, 89 Maine, 304.

In the decision of the case of *Davis* v. *Auld*, 96 Maine, 559, it was not intended to depart from this general rule to the slightest extent. Upon the contrary, it is there referred to as the "recognized limitation of equity procedure in nuisance cases." But the court in that case, in construing the statute of 1891, under which the proceeding was commenced, decided that this statute would be superfluous, as the court already had the power to abate the nuisance after verdict, or to stay or prevent the nuisance pending the prosecution, unless the legislature by the passage of the act of 1891 intended to increase the power of the court, or at least to facilitate the exercise of such power as it already possessed in nuisance cases, and that this was the evident intention of the legislature. The question presented in that case depended upon the construction and effect to be given to a particular statute.

In this case the complainant alleges that he is entitled to a right of way from land owned by him to the shore. The easement being thus described in the first deed in which it was created, in 1828: "Together with the privilege of using the wharf on said Trott's land, paying a due proportion of the expense for keeping said wharf in repair, and also a convenient land passage way for an ox team from said wharf through said Trott's land to land first mentioned."

That one of the respondents as lessee or under some license from the present owner of the servient estate had, before the commencement of the bill, wrongfully obstructed this right of way by erecting a wooden building on the servient estate, "which wholly obstructs the plaintiff's said right of way across said lot to the seashore."

There is no allegation in the bill that the complainant's rights have been determined in an action at law. There is no allegation from which it can be inferred that there is any imperious necessity for invoking the aid of equity to remove by injunction the already existing nuisance, if nuisance it is. The allegations do not bring the case within any of the exceptions to the general rule above stated. The right of the plaintiff is not clear. It is evident from an inspection of the bill that his right must largely depend upon oral testimony. The ruling of the court below in sustaining the defendants' demurrer to the bill was correct.

*Appeal dismissed with additional costs.*