OWEN E. JONES, SR.

AND

ELINOR B. JONES

*vs.*

HOWARD T. DEARBORN

Knox.    Opinion, April 24, 1951.

*Stanley L. Bird,* for plaintiffs.

*Frank F. Harding,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.    This is an action in equity to enjoin the defendant from an alleged unlawful use of the plaintiffs' land, for obstruction of a right of way across it, and for damages for such unlawful use and obstruction.    The defendant ad-

mitted by his answer and agreed statement that he had obstructed the right of way which was conveyed to his predecessors in title by deed and that he intended to continue such obstruction. The plaintiffs acquired their title to the servient tenement by warranty deed from Erland N. Records on August 30, 1949, who in turn by various conveyances acquired title from Isaac Jameson, who in 1892 was the owner of a large tract of land in the area which included both the dominant tenement, now owned by the defendant, and the servient tenement, now owned by the plaintiffs. The sitting justice sustained the bill in equity, granted the injunction asked for, and assessed damages at $1.00. The defendant appealed and a temporary injunction was granted pending appeal. The case is now before us on this appeal.

As said by Chief Justice Wiswell in *Sterling* v. *Littlefield*, 97 Me. 479, 481:

> "This court, from the time of its earliest decision upon the subject until the present time, has always adhered to the general rule, that, while, in a proper case, equity will interfere to prevent a threatened and prospective nuisance, it will not take jurisdiction to compel the removal of an alleged nuisance which is already existing, and restrain its continuance, by injunction, until the alleged infringement of the complainant's rights and the existence of the nuisance resulting therefrom, have first been established in an action at law. To this rule there are undoubtedly various exceptions which have been recognized by the court. The aid of the equity court and its intervention by injunction may be invoked in the case of an existing nuisance, notwithstanding that the right has not been first determined, when the necessity is imperious, or where immediate and irreparable injury is threatened unless relief be given in equity, or where, on account of the necessity of a multiplicity of suits at law, or even for some other sufficient reason, the remedy at law would be inadequate."

The facts of this case do not bring it within any of the exceptions therein set forth.

*Appeal sustained.*

*Injunction dissolved.*

*Bill dismissed without prejudice to the right of the plaintiffs to proceed at law.*